# In the United States Court of Federal Claims

No. 15-421L

(E-Filed October 17, 2017)

| | |
|---|---|
| DAVID H. & ARLINE M. BEHRENS, et al.,         Plaintiffs, <br><br> v. <br><br> THE UNITED STATES,         Defendant. | Motion for Reconsideration; RCFC 59(a); Motion for Summary Judgment; RCFC 56; Rails-to-Trails; Trails Act; Fifth Amendment Takings; Railbanking; Motion for Leave to File <u>Amicus Curiae</u> Brief. |

<u>Thomas S. Stewart</u>, Kansas City, MO, for plaintiffs.

<u>Edward C. Thomas</u>, Trial Attorney, with whom were <u>John C. Cruden</u>, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.  <u>Evelyn Kitay</u>, Associate General Counsel, United States Surface Transportation Board, Washington, DC, of counsel.

## OPINION

CAMPBELL-SMITH, Judge.

Plaintiffs in this case allege that they have suffered a Fifth Amendment taking of their property.  <u>See</u> Pls.' Fourth Am. Compl., ECF No. 24.  The parties previously filed cross-motions for summary judgment, which the court resolved in defendant's favor.  <u>See</u> Opinion, ECF No. 43.  Currently before the court are plaintiffs' motion for reconsideration of the court's June 23, 2017 opinion, ECF No. 44; plaintiffs' new motion for summary judgment, ECF No. 45; and, a motion for leave to file an <u>amicus curiae</u> brief, ECF No. 49, filed by two property law professors, Dale A. Whitman and James W. Ely, Jr., and the National Association of Reversionary Property Owners.

For the reasons that follow, plaintiffs' motion for reconsideration is **DENIED in part**, as to plaintiffs' motion for summary judgment, and **GRANTED in part** as to defendant's cross-motion for summary judgment, plaintiffs' new motion for summary

judgment is **DENIED** as premature, and the motion for leave to file an <u>amicus curiae</u> brief is **DENIED**.

I.      Background

        In ruling on the parties' cross-motions for summary judgment, the court drew five conclusions:  (1) "Missouri law does not support a presumption that easements conveyed to a railroad by voluntary grant are limited in scope to railroad purposes only," <u>see</u> ECF No. 43 at 5; (2) "Defendant is not liable for a taking where the rail corridor is owned by [the railroad] in fee," <u>see</u> <u>id.</u> at 6; (3) "Plaintiffs have failed to prove that they possess a valid property interest in [several specific claims]," <u>see</u> <u>id.</u> at 10; (4) "[Several specific claims] involve property outside the scope of this case," <u>see</u> <u>id.</u> at 12; and (5) "Defendant is not liable for a taking where the conveyed easements are broad enough to encompass trail use and railbanking," <u>see</u> <u>id.</u> at 13.

        Plaintiffs now ask the court to reconsider its decision with regard to the final conclusion, on which it denied plaintiffs' motion for summary judgment, ECF No. 34, and granted defendant's cross-motion for summary judgment, ECF No. 36.  <u>See</u> ECF No. 44.  According to plaintiffs, the court erred in finding that certain conveyances were sufficiently broad to allow trail use and railbanking.  <u>See</u> <u>id.</u> at 17 (arguing that "the easement deeds at issue are limited to railroad purposes only despite the fact that they do not specifically say 'for railroad purposes' within the body of the deeds").  They ask the court to reverse its previous decision and enter judgment in their favor.  <u>See</u> <u>id.</u> at 28.

        As an alternative basis for asking the court to reconsider its decision, plaintiffs have filed a new motion for summary judgment, ECF No. 45, which asserts an argument that they chose not to make in the previous round of dispositive briefing.  <u>See</u> ECF No. 44, at 27 n.24 (admitting that plaintiffs have not previously raised the argument made in the new motion for summary judgment on the assumption that the arguments they did make would be sufficient to ensure judgment in their favor).

        In addition to the foregoing, property law professors Dale A. Whitman of the University of Missouri, and James W. Ely, Jr., of Vanderbilt University, along with the National Association of Reversionary Property Owners, seek leave to file an <u>amicus curiae</u> brief in support of plaintiffs' motion for reconsideration.

II.     Legal Standards

        A.      Motion for Reconsideration

        Plaintiffs make their motion for reconsideration pursuant to Rule 59(a) of the Rules of the United States Court of Federal Claims (RCFC).  <u>See</u> ECF No. 44 at 8. RCFC 59(a)(1) provides that rehearing or reconsideration may be granted:  "(A) for any

of reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  Biery v. United States, 818 F.3d 704, 711 (Fed. Cir.), cert. denied, 137 S. Ct. 389 (2016).  Motions for reconsideration must be supported "by a showing of extraordinary circumstances which justify relief."  Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (2000)).  Such a motion, however, "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court."  Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

B.      Motion for Leave to File Amicus Curiae Brief

"There is no right to file an amicus brief in this court; the decision whether to allow participation by amici curiae is left entirely to the discretion of the court."  Fluor Corp. v. United States, 35 Fed. Cl. 284, 285-86 (1996) (citing Am. Satellite Co. v. United States, 22 Cl. Ct. 547, 549 (1991)).  In ruling on a motion for leave to file an amicus brief, the court considers the following factors:  objections from the opposing party, interest of the moving party, partisanship on the part of the amici, adequacy of the movant's representation, and timeliness.  See id.  The court may also consider whether the additional argument is useful to the court's analysis, and whether participation of the amici would cause unnecessary delay.  See Health Republic Ins. Co. v. United States, 129 Fed. Cl. 115, 117 (2016).

III.    Analysis

A.      Motion for Reconsideration

Plaintiffs characterize this court's previous opinion as "completely backwards."  See ECF No. 44 at 18.  Having considered the plaintiffs' arguments closely and having again reviewed the challenged opinion, the court affirms its central conclusion that Missouri law does not support a presumption that easements conveyed to a railroad by voluntary grant are necessarily limited in scope to plaintiffs' definition of "railroad

purposes." See ECF No. 43 at 5-6.  Plaintiffs have presented no change in controlling law, no newly discovered evidence and no clear legal error on this point.  Rather, plaintiffs take issue with the court's earlier determination.

In one respect, however, the court finds that plaintiffs' motion for reconsideration is well-founded.  It is true that an easement, by its nature, must have a definable scope. Maasen v. Shaw, 133 S.W.2d 514, 518 (Mo. Ct. App. 2004) ("By definition, an easement is 'the mere right of a person to use for a definite purpose another [person]'s land in connection with his [or her] own land.'" (quoting Mahnken v. Gillespie, 43 S.W.2d 797, 800-01 (Mo. 1931))).  The court's June 23, 2017 opinion stated that "[b]ecause the primary conveyances do not contain language limiting their scope, the court finds that the easements involved in the following claims are broad enough to encompass trail use and railbanking."  See ECF No. 43 at 15.  The court's imprecise language implies that the easements are "unlimited."  For this reason, the court clarifies this language by finding that a more accurate characterization would be that the easements are "not expressly limited."  After considering the parties' arguments currently before the court and the import of the court's June 23, 2017 opinion, the court concludes that, before determining liability with regard to the deeds at issue in plaintiffs' motion for reconsideration, it must first more carefully define the scope of the subject easements.

Under Missouri law, when an easement does not include an expressly stated purpose, it is "incomplete or ambiguous," and the court may consider extrinsic evidence "to determine the parties' intention."  See Maasen, 133 S.W.3d. at 519 (citing Fisher v. Miceli, 291 S.W.2d 845, 848 (Mo. 1956)).  Relevant evidence may include the circumstances surrounding creation of the easement, its location, and its prior use.  See id. (citing Hoelscher v. Simmerock, 921 S.W.2d 676, 679 (Mo. Ct. App. 1996)).

Neither party has successfully established the facts necessary to determine the precise scope of the easement with respect to the grants that do not include explicitly stated purposes.  As the court has previously discussed, plaintiffs' argument in the motion for summary judgment relies primarily on a presumption that the court declines to credit. See ECF No. 43 at 5-6, 15.   For its part, defendant emphasizes the lack of explicit limitation but fails to define the scope of the easements.  See ECF No. 36 at 38-53.

Plaintiffs assert, as an alternative basis for their motion for reconsideration, that the court should grant summary judgment in their favor on the basis of an argument under "prong 3 of the Preseault II test," an argument they admittedly chose not to make as part of their original motion.  See ECF No. 44 at 27.  After incorporating this new argument into their motion for reconsideration, plaintiffs filed a new motion for summary

judgment.[1]  See ECF No 45.  A motion for reconsideration, however, "may not be used to
. . . raise arguments or present evidence that could have been raised prior to the entry of
judgment."  Exxon, 554 U.S. at 485 n.5 (2008) (quoting 11 Charles Alan Wright &
Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  Plaintiffs, by
their own admission, could have presented the argument under "prong 3 of the Preseault
II test" in support of their initial motion for summary judgment, but instead argued that
"the Court did not have to reach" that portion of the Preseault II analysis.  Plaintiffs are
not entitled to reconsideration of the issue because of a strategic decision to exclude a
previously available argument.  See ECF No. 44 at 27 n.24.

       As such, the court **AFFIRMS** its decision to deny plaintiffs' motion for summary
judgment, ECF No. 34, but **WITHDRAWS** its decision to grant defendant's cross-
motion for summary judgment as it relates to this subset of properties, ECF No. 36.  See
ECF No. 43 at 15 (identifying the relevant claims: 1A, 2, 3, 4, 5, 6, 7, 8, 9A, 9C, 10, 14,
15, 16, 25, 26, 34A, 39C, 39D, 40, 45, 47A, 47B, 48, 49B, 50, 51, 52, 53, 54, 55, 56, 57,
58, and 59).

       B.      Motion for Leave to File Amicus Curiae Brief

       Also before the court is a motion made by property law professors Dale A.
Whitman and James W. Ely, Jr., along with National Association of Reversionary
Property Owners, seeking leave to file an amicus brief in support of plaintiffs' motion for
reconsideration.  See ECF No. 49.  Defendant strenuously objects to this motion, arguing
that the request is unnecessary, untimely, and inappropriately partisan.  See ECF No. 51.
The court has considered and given substantial weight to defendant's objections.  See
Fluor, 35 Fed. Cl. at 285-86 ("While parties to an action cannot bar the filing of an
amicus brief by their unanimous opposition, such opposition should be given great
weight by a court.") (citing United States v. Winkler-Koch Engineering Co., 209 F.2d
758, 760 (C.C.P.A. 1953); Am. Satellite, 22 Cl. Ct. at 549).

       While the timeliness and necessity of the briefing give the court pause, the lack of
candor with the court on the part of amici's counsel is notably troubling.  The motion
reads, in part:  "The amici have no financial interest in the outcome of this litigation, and
neither the amici nor their counsel represent the landowners in this litigation."  See ECF
No. 49 at 4.  Defendant, however, informs the court that, although this statement may be
technically true, counsel for amici "represent[] landowners with 673 claims along the
exact same corridor at issue in Behrens, and that some of those claims involve similar or

---

[1]      On July 28, 2017, the court issued an order suspending defendant's deadline to
respond to plaintiffs' motion for summary judgment, ECF No. 45, pending the resolution
of plaintiffs' motion for reconsideration.  Order, ECF No. 48.

identical deeds to those at issue in <u>Behrens</u>."  ECF No. 51 at 3-4.  And to date, neither plaintiffs nor counsel for <u>amici</u> have sought to dispute or defend this claim.

After careful consideration of both the deficiencies of the application, and the contribution the <u>amicus curiae</u> brief might make to the court's analysis, the motion for leave is **DENIED**.  In the court's view, the scope of the easements at issue will ultimately be determined as a matter of fact, and the <u>amici</u> are not in a position to provide such evidence.

IV.   Conclusion

For the reasons set forth above,

(1)   Plaintiffs' motion for reconsideration, ECF No. 44, filed July 25, 2017, is hereby **DENIED in part**, as to any reconsideration of plaintiff's motion for summary judgment; and **GRANTED in part**, as to defendant's cross-motion for summary judgment.

(2)   Accordingly, the court hereby **AFFIRMS** its June 23, 2017 ruling on plaintiff's motion for summary judgment, ECF No. 34, and **WITHDRAWS** its June 23, 2017 ruling on defendant's cross-motion for summary judgment, ECF No. 36.

(3)   Plaintiff's motion for summary judgment, ECF No. 34, filed November 18, 2016, remains **DENIED**.

(4)   Defendant's cross-motion for summary judgment, ECF No. 36, filed December 19, 2016, is hereby **DENIED in part**, as it relates to the scope of the 36 conveyances identified in the table that appears in defendant's cross-motion brief, ECF No. 36 at 41-43,[2] and is otherwise **GRANTED**.

---

[2]   The table includes the following claims: 1A (Mark and Helen Heintz), 2 (Gordon and Judith Gehlert), 3 (Tom Kixmueller), 4 (Sherry Crider), 5 (Sonya Durbin-Wiles and Gary Wiles), 6 (Von Buehrlen), 7 (Gary Seba), 8 (Casey & Rainey Schalk), 9A (Wendell and Christine Keeney), 9C (Wendall and Christine Keeney), 10 (Linda Taggart), 14 (Duane Siegler), 15 (Jane Trimble), 16 (Greg Thomas), 25 (Rodger Bax), 26 (Iris Brown), 34A (Mariann Murphy), 39C (Michael & Mary Reed), 39D (Michael & Mary Reed), 40 (CJ Welding & Fabrication), 45 (Rodney and Brenda Thompson), 47A (Frederick and Virginia Bethmann and Theodore Bethman), 47B (Frederick and Virginia Bethmann and Theodore Bethman), 48 (Mark Lammert), 49B (Kenneth Butler and Sheila Hamm), 50 (Macy and Debra Jett, Terry Lyndon Jett and Thomas Parker Jett), 51 (Kathryn Giesler c/o Merry Drewel), 52 (Nicholas Hilkemeyer, Patrick Hilkemeyer and Bernard Hilkemeyer), 53 (Robert E. and Mary Rodeman Trust), 54 (James and Dorothy

(5)     Plaintiffs' motion for summary judgment, ECF No. 45, filed July 25, 2017 is **DENIED** as premature.  The rules of this court do not prohibit plaintiffs from filing a renewed Rule 56 motion; however, plaintiffs are directed to incorporate the findings of this opinion before doing so.

(6)     The motion for leave to file <u>amici curiae</u> brief in support of the plaintiff-landowners' motion for reconsideration, ECF No. 49, filed August 25, 2017, is **DENIED**.

(7)     The court shall issue a separate order this date governing future proceedings in this case.


IT IS SO ORDERED.

 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge

---

Summers), 55 (Sharon Vinci), 56 (Roger and Rhonda Purl), 57 (Callaghan Wharehouse LLC), 58 (Kenneth P. and Dora Gerber), and 59 (Roger Lenhoff).  Plaintiffs' names are recited as set forth in the caption of their fourth amended complaint.  <u>See</u> ECF 24.