# In the United States Court of Federal Claims

No. 15-421L

(E-Filed: February 6, 2018)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| DAVID H. & ARLINE M. BEHRENS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Motion for Reconsideration; RCFC 59(a). |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |

<u>Mark F. Hearne, II</u>, Washington, DC, for amici curiae.

<u>Edward C. Thomas</u>, Trial Attorney, with whom were <u>Jeffrey H. Wood</u>, Acting Assistant Attorney General, and <u>Laura Duncan</u>, Trial Attorney, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

<u>OPINION</u>

CAMPBELL-SMITH, Judge.

     On November 14, 2017, professors James Ely and Dale Whiteman, along with the National Association of Revisionary Property Owners (NARPO) filed a motion to reconsider and amend the court's October 17, 2017 opinion and order denying leave to file a brief of amici curiae.  <u>See</u> ECF No. 54.  For the following reasons, the motion is **DENIED**.

I.  Background

Movants ask that the court modify its observation that the statement of interest in the subject litigation, which was part of their motion for leave to file an amicus brief, ECF No. 49, lacked candor.  See id. at 3.  In its opinion denying leave to file the amicus brief, the court stated:

> While the timeliness and necessity of the briefing give the court pause, the lack of candor with the court on the part of amici's counsel is notably troubling.  The motion reads, in part:  "The amici have no financial interest in the outcome of this litigation, and neither the amici nor their counsel represent the landowners in this litigation."  See ECF No. 49 at 4.  Defendant, however, informs the court that, although this statement may be technically true, counsel for amici "represent[] landowners with 673 claims along the exact same corridor at issue in Behrens, and that some of those claims involve similar or identical deeds to those at issue in Behrens."  ECF No. 51 at 3-4.  And to date, neither plaintiffs nor counsel for amici have sought to dispute or defend this claim.

ECF No. 52 at 5-6.

In the motion for reconsideration, movants argue that even though "counsel for amici represent other landowners in other Trails Act litigation—including other Missouri owners in other Trails Act litigation involving other properties on the 144-mile long corridor, a portion of which is common to this litigation," the suggestion that counsel's failure to inform the court of this fact refelcts a lack of candor is "frankly, outrageous." ECF No. 54 at 5.  Movants also state that "[c]ounsel for amici take extremely seriously any suggestion of a 'lack of candor' before this Court. . . .  Accordingly, counsel for amici respectfully request the Court amend its Opinion and Order of October 17, 2017, Dkt. 52, to remove the statement regarding a supposed lack of candor." ECF No. 54 at 1011.

II. Legal Standards

Rule 59(a) of the Rules of the United States Court of Federal Claims (RCFC) governs a motion for reconsideration.  RCFC 59(a)(1) provides that rehearing or reconsideration may be granted:  "(A) for any of reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir.), cert. denied, 137 S. Ct. 389 (2016). Motions for reconsideration must be supported "by a showing of extraordinary circumstances which justify relief." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (2000)). Such a motion, however, "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

III.     Analysis

Movants have failed to convince the court to modify the language of its previous ruling for three simple reasons. First, movants make no argument under the applicable legal standard in their motion. They fail to even cite to RCFC 59, much less demonstrate why the present situation justifies relief under the rules of this court. Second, movants concede that counsel represents landowners with property along the same corridor at issue here, but do not explain why the court's view that they should have acknowledged that interest is unreasonable. And finally, movants had the opportunity to make the same arguments that now appear in the motion for reconsideration by way of a reply in support of the motion for leave to file an amicus brief, but made no such filing.

IV.     Conclusion

For the foregoing reasons, movants' motion for reconsideration, ECF No. 54, is **DENIED.**

IT IS SO ORDERED.

                                                s/Patricia E. Campbell-Smith
                                                PATRICIA E. CAMPBELL-SMITH
                                                Judge