# In the United States Court of Federal Claims

No. 15-421L

(E-Filed: April 2, 2021)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| DAVID H. & ARLINE M. BEHRENS, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Interpretation of Deeds; Scope of Easements; Missouri State Law. |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

ORDER

    Plaintiffs in this case allege that they have suffered a Fifth Amendment taking of their property.  See ECF No. 24 (fourth amended complaint).  Plaintiffs' motion for partial summary judgment, ECF No. 96, and defendant's cross-motion for partial summary judgment, ECF No. 97, are currently before the court.

    In reviewing and evaluating the arguments made by the parties, the court has concluded that this case requires the resolution of tension between various precepts of Missouri law.  Specifically, the parties in this case agree that the conveyances at issue should be treated as easements under Missouri law because they were made for nominal consideration.  See ECF No. 35 at 19; ECF No. 36 at 39.  And under Missouri law, an easement must have a definable scope.  Maasen v. Shaw, 133 S.W.3d 514, 518 (Mo. Ct. App. 2004) ("By definition, an easement is 'the mere right of a person to use for a definite purpose another [person]'s land in connection with his [or her] own land.'" (quoting Mahnken v. Gillespie, 43 S.W.2d 797, 800-01 (Mo. 1931))).  The motions now before the court are directed at resolving the scope of the easements at issue.  See ECF No. 96 at 8, 31; ECF No. 97 at 6; see also ECF No. 52 (opinion granting motion for reconsideration on the issue of the scope of the easements).

The problem, however, is that neither the terms of the conveyances themselves nor the extrinsic evidence presented by the parties allow the court to decisively define the scope of the easements. First, the deeds do not include language explaining the limitations of the conveyance. For example, the Schoening Deed reads, in relevant part, as follows:

> [T]he said parties of the first part, . . . do by these presents grant[,] bargain[,] and sell, convey and confirm unto the said party of the second part the following described real estate . . . .
>
> To have and to hold the same, together with all the rights, immunities, privileges and appurtenances to the same belonging unto the said party of the second part, and to its successors and assigns forever; the parties of the first part hereby covenanting that they, their heirs, executors and administrators shall and will warrant and defend the title to the premises unto the said party of the second part and unto its successors and assigns forever, against the lawful claims of all persons whomsoever.

ECF No. 111-2 at 2-3. The language of each of the deeds at issue is substantially the same. See generally id. Such language is generally found to indicate a fee conveyance, see Burnett v. United States, 139 Fed. Cl. 797, 805-06, 812 (2018), and Missouri law counsels against reading any additional limitations into the language as written. See Copanas v. Loehr, 876 S.W.2d 691, 696 (Mo. Ct. App. 1994) (noting that Missouri courts "are hesitant to impose" restrictions on easements "[a]bsent a provision which specifically limits an easement's use"). Thus it appears that, under Missouri law, the court is asked to accomplish the difficult task of defining the scope of easements created by broad language, without imposing any limitations that do not already exist.

When the scope of an easement is unclear, Missouri courts will consider extrinsic evidence. See Maasen, 133 S.W.3d. at 519. Relevant evidence may include the circumstances surrounding creation of the easement, its location, and its prior use. See id. (citing Hoelscher v. Simmerock, 921 S.W.2d 676, 679 (Mo. Ct. App. 1996)). In accordance with this approach, the parties engaged in discovery in an effort to develop the record in that regard. See ECF No. 62 (discovery scheduling order). Unfortunately, the evidence submitted by the parties in the briefs now before the court is inconclusive. Plaintiffs point to the fact that the grantee was a railroad, see ECF No. 96 at 32, and the long, narrow shape of the property at issue, see id. at 33, neither of which are facts that compel the conclusion that the conveyance is limited to what plaintiff defines as railroad purposes. For its part, defendant points to relatively recent uses of the property that are quite far removed in time from the execution of the deeds—including the installation of fiber optic cable, and the use of recreational vehicles on the property—raising doubts about how probative of the grantors' intent those activities are. See ECF No. 97 at 19-20.

In the court's view, the most appropriate tribunal to determine how the deeds at issue here would be interpreted under Missouri law is the Supreme Court of Missouri. The court has considered certifying a question of law to the Supreme Court of Missouri, but it does not appear as though a mechanism to do so exists. The Missouri code does include a statute that addresses the certification of questions of law, but it does not include this court among those permitted to submit questions. See MO. ANN. STAT. 477.004(1). And even if this court were included in the statutory language, the Supreme Court of Missouri has declined to answer certified questions, finding that such authority is beyond its constitutional remit. See Grantham v. Mo. Dept. of Corrections, Case No. 72576, 1990 WL 602159 (Mo. July 13, 1990). This court has previously noted the barriers to certification in Missouri. In Glosemeyer v. United States, this court encountered a novel question of Missouri property law and noted that:

> Normally, we would prefer to certify such an important and undecided question directly to the highest court of the state. Unfortunately, Missouri does not have a process by which federal courts can certify questions for decision by the Missouri Supreme Court. Thus, we must apply Missouri law as we find it.

45 Fed. Cl. 771, 780 n.19 (2000) (citations omitted). Thus, the court will not pursue such certification.

It may be possible, and indeed advisable, however, for the parties to seek guidance from the Supreme Court of Missouri before the court rules on the pending motions.

Absent such guidance, and on the record currently before it, the court believes that the best course is to hew closely to the rule articulated in Hinshaw v. M-C-M Props., LLC, 450 S.W.3d 823 (Mo. Ct. App. 2014). Under Missouri law, "[t]he cardinal rule regarding an interpretation of a deed is to ascertain the intention of the parties and to give that intention effect." Id. at 827 (citing Dean Mach. Co. v. Union Bank, 106 S.W.3d 510, 520 (Mo. Ct. App. 2003)). In this case, the best evidence available of the grantor's intent remains the language of the deeds themselves, which indicates a broad grant to the railroad.

Before ruling on the pending motions for summary judgment, however, the court will give the parties an opportunity to consider whether they wish to seek guidance from the Supreme Court of Missouri with regard to the issues of Missouri law implicated here. The court will stay this case in the interim.

Accordingly,

(1)   The clerk's office is directed to **STAY** this case, pending further order of the court; and

(2) On or before **June 4, 2021**, the parties are directed to **CONFER** and **FILE** a **joint status report** informing the court as to whether they intend to seek guidance from the Supreme Court of Missouri on the interpretations of Missouri law at issue in the case, and proposing a plan for proceeding.

IT IS SO ORDERED.

                                         s/ Patricia Campbell-Smith
                                        PATRICIA CAMPBELL-SMITH
                                        Judge