# In the United States Court of Federal Claims

No. 15-421L

(E-Filed:  June 16, 2021)

|  |  |
|---|---|
| DAVID H. & ARLINE M.<br>BEHRENS, <u>et al.</u>,<br><br>       Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>       Defendant. | Motion for Summary Judgment; RCFC<br>56; Rails-to-Trails; Trails Act; Fifth<br>Amendment Takings; Railbanking. |

<u>Thomas S. Stewart</u>, Kansas City, MO, for plaintiffs.

<u>Edward C. Thomas</u>, Trial Attorney, with whom were <u>John C. Cruden</u>, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.  <u>Evelyn Kitay</u>, Associate General Counsel, United States Surface Transportation Board, Washington, DC, of counsel.

## OPINION

CAMPBELL-SMITH, Judge.

      Plaintiffs in this case allege that they have suffered takings of their property pursuant to the Fifth Amendment of the United States Constitution.  <u>See</u> ECF No. 24 (fourth amended complaint).  Plaintiffs' motion for partial summary judgment, ECF No. 96, and defendant's cross-motion for partial summary judgment, ECF No. 97, both brought pursuant to Rule 56 of the Rules of the United States Court of Federal Claims (RCFC), are currently before the court.

      In evaluating these motions, the court considered the following:  (1) plaintiffs' fourth amended complaint, ECF No. 24; (2) plaintiffs' motion for partial summary judgment, ECF No. 96; (3) defendant's response and cross-motion for partial summary judgment, ECF No. 97; (4) plaintiffs' response to defendant's cross-motion and reply in support of its motion for partial summary judgment, ECF No. 98; (5) defendant's reply in

support of its cross-motion, ECF No. 101; and (6) the parties' joint supplement attaching legible transcriptions of the deeds at issue, ECF No. 111.

Briefing is now complete and the motions are ripe for decision. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, plaintiffs' motion for partial summary judgment, ECF No. 96, is **DENIED**; and defendant's cross-motion for partial summary judgment, ECF No. 97, is **GRANTED**.

I.      Background

Plaintiffs are landowners along a 144.3-mile rail corridor owned by the Missouri Central Railroad Company (MCRR). See ECF No. 24 at 4. The rail corridor stretches through the center of Missouri, from Pettis County to Franklin County. See id. Plaintiffs claim they have suffered a Fifth Amendment taking of their property interests as a result of MCRR's efforts to discontinue use of the rail corridor, and allow use of the property as a recreational trail. See id. at 20.

The parties previously filed cross-motions for summary judgment, which the court resolved in defendant's favor.[1] See ECF No. 43 (reported opinion at Behrens v. United States, 132 Fed. Cl. 663 (2017)). Plaintiffs then moved for reconsideration, which the court granted in part. See ECF No. 52 (reported opinion at Behrens v. United States, 135 Fed. Cl. 66 (2017)). In its opinion ruling on plaintiffs' motion for reconsideration, the court summarized its conclusions in its initial summary judgment opinion as follows:

> In ruling on the parties' cross-motions for summary judgment, the court drew five conclusions: (1) "Missouri law does not support a presumption that easements conveyed to a railroad by voluntary grant are limited in scope to railroad purposes only," see ECF No. 43 at 5; (2) "Defendant is not liable for a taking where the rail corridor is owned by [the railroad] in fee," see id. at 6; (3) "Plaintiffs have failed to prove that they possess a valid property interest in [several specific claims]," see id. at 10; (4) "[Several specific claims] involve property outside the scope of this case," see id. at 12; and (5) "Defendant is not liable for a taking where the conveyed easements are broad enough to encompass trail use and railbanking," see id. at 13.

See id. at 2. The court granted reconsideration only with regard to the last point—the scope of the easements at issue in this case. See id. at 4. The court noted that under

---

[1]     In its opinion ruling on the parties' previous motions for summary judgment, the court explained the background of this case in detail. See ECF No. 43. The court will only reiterate the portions of that background that are directly relevant to the present motions.

Missouri law, easements must have a definable scope, and held that "[n]either party ha[d] successfully established the facts necessary to determine the precise scope of the easement with respect to the grants that do not include explicitly stated purposes." Id. The scope of each easement remains at issue in this case, see id. at 5, and are the subject of the parties' present motions for summary judgment.[2]

Both parties acknowledge that the deeds at issue do not include express restrictions on how MCRR uses the parcels. See ECF No. 96 at 30-31 ("Since an easement requires a definable scope and these easements do not specifically say that they are 'for railroad purposes' only, . . . the [c]ourt recognized the need to consider and analyze extrinsic evidence on the subject upon reconsideration and directed the parties to focus on extrinsic evidence to ascertain the scope of the railroad's easement consistent with the requirement to construe the deeds to give effect to the intention of the parties."); ECF No. 97 at 18 ("The deeds do not contain any language expressly limiting their scope to railroad purposes.").

Under Missouri law, when an easement does not include an expressly stated purpose, it is "incomplete or ambiguous," and the court may consider extrinsic evidence "to determine the parties' intention." See Maasen v. Shaw, 133 S.W.3d 514, 519 (Mo. Ct. App. 2004) (citing Fisher v. Miceli, 291 S.W.2d 845, 848 (Mo. 1956)). Relevant evidence may include the circumstances surrounding creation of the easement, its location, and its prior use. See id. (citing Hoelscher v. Simmerock, 921 S.W.2d 676, 679 (Mo. Ct. App. 1996). For this reason, following the court's ruling on plaintiffs' motion for reconsideration, the parties engaged in discovery in an attempt to develop evidence of the intended scope of the easements created by the subject deeds. See ECF No. 97 at 11; see also ECF No. 62, ECF No. 65 (discovery orders).

After "reviewing and evaluating the arguments made by the parties, the court . . . concluded that this case requires the resolution of tension between various precepts of Missouri law," and issued an order staying this case and inviting the parties to consider seeking "guidance from the Supreme Court of Missouri on the interpretations of Missouri law at issue in the case." ECF No. 116 at 1, 4. On June 4, 2021, the parties filed a joint status report in which they state that "[t]he parties have conferred and have researched the issue as delineated by the [c]ourt and do not presently see a practical course" to seek guidance from the Supreme Court of Missouri. ECF No. 118 at 1. As such, the parties

---

[2]     Plaintiffs maintain their position that under Missouri law, the grants at issue must necessarily be limited to use for "railroad purposes only." See ECF No. 96 at 12-31. Because the court resolved this issue against plaintiffs in its first summary judgment decision, see ECF No. 43 at 5-6, and left its conclusion undisturbed on reconsideration, see ECF No. 52 at 3-4, it will not consider this argument for a third time in this opinion.

requested "that the [c]ourt lift the stay and rule on the pending motions before the [c]ourt." <u>Id.</u>

## II.   Legal Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  RCFC 56(a); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  An issue is genuine if it "may reasonably be resolved in favor of either party." <u>Id.</u> at 250.  "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Id.</u> at 247-48 (emphasis in original).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. <u>Celotex Corp.</u>, 477 U.S. at 323.  The burden then shifts to the nonmoving party to show that a genuine issue of material fact does exist such that the case should proceed to trial. <u>Id.</u> at 324.

The court must view the inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Mingus Constructors, Inc. v. United States</u>, 812 F.2d 1387, 1391 (Fed. Cir. 1987).  The court, however, must not weigh the evidence or make findings of fact. <u>See</u> <u>Anderson</u>, 477 U.S. at 249 ("[A]t the summary judgment stage the judge's function is not [herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."); <u>Ford Motor Co. v. United States</u>, 157 F.3d 849, 854 (Fed. Cir. 1998) ("Due to the nature of the proceeding, courts do not make findings of fact on summary judgment.").

Because the parties have developed an extensive factual record through discovery, the issues presently before the court are primarily legal in nature.  Thus, summary judgment is appropriate, and to the extent any factual disagreements remain, the court finds them to be immaterial to the issues at hand.

## III.   Analysis

### A.   Evidence Of Grantors' Intent

Under Missouri law, "[t]he cardinal rule regarding an interpretation of a deed is to ascertain the intention of the parties and to give that intention effect." <u>Hinshaw v. M-C-M Props., LLC</u>, 450 S.W.3d 823, 827 (Mo. Ct. App. 2014) (citing <u>Dean Machinery Co. v. Union Bank</u>, 106 S.W.3d 510, 520 (Mo. Ct. App. 2003)).  The evidence now before the

4

court includes the language of the various deeds at issue and evidence of multiple uses of the parcels—as an active rail line, for the placement of fiber optic cables, and for other forms of transportation.[3]

> 1.    Deed Language

With only minor differences in capitalization and punctuation, each of the twenty deeds states that the grantors: "grant, bargain and sell, and convey and confirm unto [the railroad] the following described real estate . . . To have and to hold the same, together with all the rights, immunities, privileges and appurtenances to the same . . . , and to its successors and assigns forever . . . ."  ECF No. 111-2 at 2-3 (Schoening deed); see also id. at 5-6 (Bowles deed); id. at 8 (Stuhlmacher deed); id. at 11 (Groff deed); id. at 14 (Dreysse deed); id. at 17 (first Backues deed); id. at 20-21 (second Backues deed); id. at 23, 24-25 (first Thompson deed); id. at 27 (Yarger deed); id. at 30-31 (Lackland deed); id. at 33 (second Thompson deed); id. at 36 (Linke deed); id. at 39 (Vaughn deed); id. at 42-43 (Ridenhour deed); id. at 45 (Wilcoxson deed); id. at 48 (Lacy deed); id. at 51 (Marriott deed); id. at 54 (Yaws deed); id. at 57 (Crewson deed); id. at 60 (Hatler deed).

In addition, seventeen of the deeds are titled "Warranty Deed."  Id. at 2, 5, 8, 11, 14, 17, 20, 30, 36, 39, 42, 45, 48, 51, 54, 57, 60.  One of the three deeds that are not explicitly described as warranty deeds describes the conveyance as a "quit claim."  Id. at 23.  And one of the warranty deeds is joined by two mortgagees "for the purpose of releasing the foregoing strip of land from the lien of their [m]ortgages against it."  Id. at 48.

> 2.    Extrinsic Evidence

The parties have offered several pieces of extrinsic evidence in support of their positions.  Plaintiffs note that the grantee was a railroad, see ECF No. 96 at 32, and the long, narrow shape of the property at issue, see id. at 33.  For its part, defendant points to relatively recent uses of the property—including the installation of fiber optic cable and the use of recreational vehicles on the property.  See ECF No. 97 at 19-20.

---

[3]    On October 16, 2020, the parties filed a joint supplement attaching transcribed copies of the deeds at issue, pursuant to the court's September 2, 2020 scheduling order.  See ECF No. 111.  Therein, they corrected an error in the number of deeds at issue, noting the discovery of a corrected deed during the transcription process, bringing the total number of deeds from nineteen to twenty.  See id. at 1 n.1.  Despite the previous omission of the corrected deed, the parties reported that no further briefing on the pending motions was warranted.  See id. at 2. Accordingly, the court will rule on the motions for summary judgment based on the briefs which were filed prior to the parties' supplement, and which refer to nineteen deeds.  For this reason, there may be a discrepancy in the number of deeds referenced in the fact section, and the number of deeds referenced in discussing the parties' briefs.

B.       Easements Are Broad Enough to Encompass Trail Use

The evidence before the court presents a complicated question of interpretation in this case.  As the court has previously noted, "[d]efendant concedes that each identified deed likely conveys an easement as opposed to a fee interest because each deed involves nominal consideration."  See ECF No. 43 at 14 (citing ECF No. 36 at 39).  See also Brown v. Weare, 152 S.W.2d 649, 653-54 (Mo. 1941) (holding that a deed exchanged for nominal consideration is a "voluntary grant" under Missouri law); MO. ANN. STAT. § 388.210(2) (West 1969) (stating that a "voluntary grant" to a railroad "shall be held and used for the purpose of such grant only").  And an easement, by its nature, must have a definable scope.  See Maasen, 133 S.W.3d at 518 ("By definition, an easement is 'the mere right of a person to use for a definite purpose another [person]'s land in connection with his [or her] own land.'") (quoting Mahnken v. Gillespie, 43 S.W.2d 797, 800-01 (Mo. 1931)).

While the court recognizes the force of these rules under Missouri law, they do not fit comfortably with the language in the deeds that seems to indicate the intention to convey a fee interest in the properties.  See Nixon v. Franklin, 289 S.W.2d 82, 88 (Mo. 1956) (holding that the words "grant, bargain, and sell" are evidence of a conveyance in fee); Bayless v. Gonz, 684 S.W.2d 512, 513 (Mo Ct. App. 1984) (holding that language stating "to have and to hold the same together with all singular rights, immunities, privileges and appurtenances to the same" conveys a fee simple interest).

Thus, in order to act in accordance with Missouri law, the court must both consider the broad granting language and habendum clauses that seem to convey a fee interest, but also remain mindful of the legal construction of the grants as easements that must be limited in scope.  The tension in this analysis is marked.

As noted above, the court has previously found that the scope of the easements at issue is unclear.  See ECF No. 52 at 4.  And when the scope of an easement is unclear, Missouri courts will consider extrinsic evidence that may include the circumstances surrounding creation of the easement, its location, and its prior use.  See Maasen, 133 S.W.3d at 519 (citing Hoelscher v. Simmerock, 921 S.W.2d 676, 679 (Mo. Ct. App. 1996)).  Unfortunately, the evidence submitted by the parties in the briefs now before the court is inconclusive.  Plaintiffs point to the fact that the grantee was a railroad, see ECF No. 96 at 32, and the long, narrow shape of the property at issue, see id. at 33, neither of which are facts that compel the conclusion that the conveyance is limited to what plaintiffs define as railroad purposes.  For its part, defendant points to relatively recent uses of the property that are quite far removed in time from the execution of the deeds— including the installation of fiber optic cable, and the use of recreational vehicles on the property—raising doubts about how probative of the grantors' intent those activities are. See ECF No. 97 at 19-20.

In light of the parties' request that the court rule on their motions without guidance from the Supreme Court of Missouri, on the record currently before it, the court believes that the best course is to hew closely to the rule articulated in Hinshaw v. M-C-M Properties, LLC, 450 S.W.3d 823 (Mo. Ct. App. 2014).  Under Missouri law, "[t]he cardinal rule regarding an interpretation of a deed is to ascertain the intention of the parties and to give that intention effect."  Id. at 827 (citing Dean Mach. Co., 106 S.W.3d at 520).  In this case, the best evidence available of the grantor's intent remains the language of the deeds themselves, which indicates a broad grant to the railroad.  See ECF No. 96 at 32 (plaintiffs arguing that "[t]he most critical evidence concerning the circumstances surrounding the creation of the easements are actually the deeds themselves").

In the court's view, the broad granting language and habendum clauses in the deeds at issue are convincing evidence that the grantors intended unrestricted conveyances.  The legal construction of these conveyances as easements does not change that apparent intent.  The court does not find, however, that these conveyances are in fee—Missouri law clearly does not allow for such a conclusion given the nominal consideration.

Rather, the court concurs with the reasoning articulated by this court in Burnett v. United States, 139 Fed. Cl. 797 (2018), a case in which the court considered deeds conveying property to the same railroad as the deeds in this case, through strikingly similar language.  The court in Burnett concluded that the deeds at issue conveyed easements that were broad enough to encompass trail use and railbanking, and explained its conclusion as follows:

> [T]he granting clauses in these deeds state that: "the parties of the first part . . . do by these presents, grant, bargain and sell, convey and confirm unto said party of the second part . . ." the property conveyed.  As discussed above, the inclusion of the phrase "grant, bargain and sell" in a conveyance deed has long been interpreted under Missouri law to convey a fee simple interest. Nixon, 289 S.W.2d at 88.  While there is no dispute that a fee simple interest was not conveyed to the railroad here—given that the consideration provided in these deeds is only one dollar—the inclusion of the phrase "grant, bargain and sell," nonetheless, indicates that the parties intended to convey a broad easement to the railroad.  This view is reinforced by the fact that the granting clauses for these source deeds do not contain any language to limit the scope of the easements conveyed.
>
> In addition, the habendum clauses for the applicable source deeds similarly indicates that the parties intended to convey a broad easement to MCRR. These clauses state, in relevant part, that property is conveyed to the railroad: "To have and to hold the same, together with all rights, immunities,

7

privileges and appurtenances to the same belonging to the [railroad] and to its successors and assigns forever." As discussed above, Missouri courts have interpreted such language to convey a fee simple interest. Bayless, 684 S.W.2d at 513. And so, again, the Court construes the applicable source deeds for the remaining claims in this case to convey a broad easement to the railroad.

Indeed, while plaintiffs correctly argue that the source deeds do not contain any language that specifically mentions trail use or railbanking, plaintiffs fail to explain why it is necessary for the deeds to contain such language in order to convey an easement to the railroad that is broad enough to encompass public recreational trail use. Because the plain language in the source deeds makes clear that the parties intended to convey a broad easement to the railroad—and not to limit this easement to use for railroad purposes—the Court concludes that the source deeds relevant to plaintiffs' remaining claims convey easements that can encompass public recreational trail use.

Burnett v. United States, 139 Fed. Cl. at 811–12 (record citations omitted).

In the court's view, it would violate the primacy of the grantor's intent to find that the deeds—which otherwise appear to convey a fee interest—should be artificially limited to plaintiffs' definition of railroad purposes simply because Missouri law construes conveyances for nominal consideration to be easements. For these reasons, the court concludes that the easements at issue in the parties' motions for summary judgment are broad enough to encompass trail use.

IV.    Conclusion

Accordingly, for the foregoing reasons:

(1)    The clerk's office is directed to **LIFT** the **stay** in this case;

(2)    Plaintiff's motion for partial summary judgment, ECF No. 96, is **DENIED**;

(3)    Defendant's cross-motion for partial summary judgment, ECF No. 97, is **GRANTED**; and

(4)    On or before **July 16, 2021**, the parties are directed to **CONFER** and **FILE**:

(a)    A **joint status report**, indicating what, if any, issues remain for resolution in this case; and

(b)     A **joint motion for entry of judgment** on all claims that have been resolved.  The parties are directed to specifically identify the resolved claims, unless no issues remain, and the case may be dismissed in its entirety.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
Patricia E. Campbell-Smith
Judge