# In the United States Court of Federal Claims

No. 15-421L

(E-Filed:  October 12, 2021)

| | |
|---|---|
| DAVID H. & ARLINE M. BEHRENS, <u>et al.</u>, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| THE UNITED STATES, | )<br>) |
| Defendant. | )<br>) |

Motion for Entry of Judgment;
RCFC 54(b); Modifying
Scheduling Order; RCFC
16(b)(4); Good Cause
Standard.

<u>ORDER</u>

Presently before the court are two motions:  (1) plaintiffs' motion for entry of judgment, ECF No. 121; and (2) plaintiffs' motion for leave to file an alternative motion for summary judgment, ECF No. 122.  The court will address each motion in turn.

I.    Motion for Judgment

Plaintiffs' first motion is titled "Motion to Have Judgment Entered for the Plaintiffs for the 26 Remaining Parcels and Motion to Consider the Supreme Court's Opinion in <u>Cedar Point Nursery v. Hassid</u> as Supplemental Authority on that Issue." ECF No. 121 at 1.  Therein, plaintiffs argue that "all of the liability issues pertaining to the 26 parcels at issue have now been resolved either by the [c]ourt's prior rulings or the stipulations of the parties."  <u>Id.</u>  Plaintiffs also state that they are "entitled to a determination of liability by this [c]ourt," <u>id.</u>, based on, among other arguments, the recent decision issued by the Supreme Court of the United States in <u>Cedar Point Nursery v. Hassid</u>, 141 S. Ct. 2063 (2021), which plaintiff contends should govern in this case, <u>see</u> <u>id.</u> at 1-2.

In response, defendant disputes plaintiffs' position that liability has been established with regard to the twenty-six parcels at issue, arguing that "[t]his [c]ourt has not issued any rulings that have resolved all liability issues for these 26 parcels."  <u>See</u> ECF No. 125 at 1.  Plaintiffs admit as much in their reply.  <u>See</u> ECF No. 126 at 6 (claiming that "the fact that the [c]ourt has not issued any rulings yet that have resolved

all liability issues for these 26 parcels is precisely why [p]laintiffs' motion was necessary in the first place").

Given plaintiffs' acknowledgment that the court has not yet ruled on the issue of liability, see id., it appears to the court that plaintiffs' motion for entry of judgment is, in reality, a motion seeking both a determination of liability and an entry of judgment thereon.  Plaintiffs apparently misunderstand the court's procedures. A determination of liability is a predicate to the entry of judgment and requires an organized evaluation of the evidence and the applicable law.  Such a determination is most commonly made either on a motion for summary judgment that is properly supported by evidence, see Rule 56 of the Rules of the United States Court of Federal Claims (RCFC), or at trial. Plaintiff's motion, however, does not purport to be a motion for summary judgment and is not supported by evidence to prove plaintiffs' claims.  See ECF No. 121 (attaching caselaw, but including no evidence or citations to evidence already made part of the court record).  As such, the issue of liability is not properly before the court.  Absent a determination of liability, entry of judgment on only a portion of the claims in this case, which is governed by RCFC 54(b), is premature.

For these reasons, plaintiffs' motion for entry of judgment is **DENIED**.

II.     Motion for Leave to File an Alternative Motion for Summary Judgment

Plaintiffs also seek leave to file "an alternative motion for summary judgment on state law abandonment pursuant to prong 3" of the takings analysis in Presault v. United States, 100 F.3d 1525 (Fed. Cir. 1996).  ECF No. 122 at 1.  This is not the first time that plaintiffs have attempted to file such a motion.  The court denied plaintiffs' first motion relating to state law abandonment, ECF No. 45, as premature.  See ECF No. 52 at 7 (court's October 17, 2017 opinion, reported at Behrens v. United States, 135 Fed. Cl. 66 (2017)).  Following a period of discovery, plaintiffs filed a second motion on this issue on February 5, 2019.  See ECF No. 75.  The court denied the motion as moot because it relied extensively on impermissible expert testimony.  See ECF No. 91 at 4 (court's September 27, 2019 order).

On October 28, 2019, the court entered a scheduling order in which it stated that, on or before January 10, 2020, "[p]laintiffs shall **FILE** any further **motion for summary judgment** on the remaining 35 parcels for which title and standing remain in dispute." ECF No. 93 at 1.  Plaintiffs did file a motion for summary judgment relating to the scope of the easements on January 10, 2020, see ECF No. 96, but did not move for summary judgment with regard to the state law abandonment issue for a third time until October 16, 2020, see ECF No. 110.  On October 29, 2020, defendant filed a motion to strike the October 16, 2020 motion for summary judgment as untimely.  See ECF No. 112.  The court granted the motion to strike on the basis that plaintiffs had failed to comply with the October 28, 2019 scheduling order that "clearly and unequivocally" set the deadline for

plaintiffs' motions for summary judgment on January 10, 2020.  See ECF No. 115
(court's November 12, 2020 order).  The court noted, however, that "[i]f plaintiffs wish
to file a motion for leave to file an additional motion for summary judgment, they may do
so, and the court will consider all properly briefed arguments in that context."  Id. at 2.

On June 16, 2021, the court denied plaintiffs' January 10, 2020 motion for partial
summary judgment, ECF No. 96, which addressed the scope of certain easements.  See
ECF No. 119 (court's June 16, 2021 opinion, reported at Behrens v. United States, No.
15-421L, 2021 WL 2451834 (Fed. Cl. June 16, 2021)).

On July 16, 2021, more than eighteen months after the court's January 10, 2020
deadline for filing motions for summary judgment, see ECF No. 93 at 1, and more than
eight months after the court's invitation for plaintiffs to file a motion for leave, see ECF
No. 115 at 2, plaintiffs filed the motion now before the court , see ECF No. 122.

In the motion, plaintiffs argue that the court should exercise its "significant
discretion" to grant the relief requested because:

> good cause exists . . . because, even though the third filing was deemed to be
> untimely when it was filed, this is not a situation where the issue was raised
> in an untimely manner because the [p]laintiffs had previously filed motions
> for summary judgment on this exact subject on two prior occasions, it is
> obviously important for the [c]ourt to rule on state law abandonment since it
> is an alternative means by which [p]laintiffs are entitled to recover, there is
> obvious potential prejudice against the [p]laintiffs if the [c]ourt does not
> allow them to file their motion for summary judgment on state law
> abandonment for the fourth time, and there are no time restraints or issues at
> this point given the fact that issues remain with respect to 26 of the parcels
> anyway and the appeal to the [United States Court of Appeals for the] Federal
> Circuit on the scope of the easements can obviously wait so that all issues
> are presented to the Federal Circuit at the same time.

Id. at 8-9.  Plaintiffs' do not, however, offer any explanation for why they failed to file
the motion for summary judgment on state law abandonment by January 10, 2020, and
their explanation for why they waited more than eight months after the court granted
defendant's motion to strike to file a motion for leave is that they "decided to wait for the
[c]ourt's ruling on prong 2 of [Presault, 100 F.3d 1525] because the fourth motion could
be unnecessary and moot depending on how the [c]ourt ruled."  Id. at 8; see also ECF No.
124 at 3 (plaintiffs' reply acknowledging that they "should have filed their third motion
for summary judgment on state law abandonment . . . on January 10, 2020," but offering
no explanation for their failure to do so).

The rules of this court provide that "[a] schedule may be modified only for good cause and with the judge's consent." RCFC 16(b)(4). The Federal Circuit has not established the precise contours of what the phrase "good cause" means in the context of RCFC 16(b)(4), though the Circuit has discussed the application of Federal Rule of Civil Procedure (FRCP) 16(b)(4) by regional appellate courts, which is identical to RCFC (b)(4). See e.g., Simio, LLC v. FlexSim Software Prod., Inc., 983 F.3d 1353, 1365-66 (Fed. Cir. 2020) (stating that, in the Tenth Circuit, to satisfy the good cause standard under FRCP 16(b)(4) "the movant [must] show the scheduling deadlines cannot be met despite the movant's diligent efforts," and noting that "[u]ltimately, demonstrating good cause requires the movant to provide an adequate explanation for any delay") (internal quotation marks and citations omitted); Advanced Software Design Corp. v. Fiserv, Inc., 641 F.3d 1368, 1381 (Fed. Cir. 2011) (noting that in the Eighth Circuit, "[u]nder the good cause standard, the threshold inquiry is whether the movant has been diligent").

This court has likewise described the good cause standard in various ways, but has consistently included the issues of diligence and prejudice as key parts of the analysis. See, e.g., MorphoTrust USA, LLC v. United States, 132 Fed. Cl. 419, 420-21 (2017) (noting that "[r]elevant to the question of whether good cause exists in this context are both the questions of diligence and prejudice"); Sys. Fuels, Inc. v. United States, 111 Fed. Cl. 381, 383 (2013) (endorsing the Fifth Circuit's approach to determining whether late designation of an expert witness should be permitted by considering: "(1) the reasons for the moving party's failure to designate the witness in compliance with an existing schedule; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a cure for any prejudice") (citations omitted). In addition, this court has noted both that "[i]t would be intolerable to case management if one party could simply reserve to itself the right to change its substantive positions without cause," MorphoTrust, 132 Fed. Cl. at 421, and that "[a] party's realization that it elected to pursue the wrong litigation strategy is not good cause for amending a schedule," Sys. Fuels, 111 Fed. Cl. at 383 (citation omitted).

As noted above, plaintiffs' explanation for their delay in seeking leave to file another motion for summary judgment is that they chose to wait until the court ruled on their preceding motion for summary judgment, ECF No. 96, and when that motion was denied, see ECF No. 119, they changed course and filed the motion for leave now before the court. See ECF No. 122 at 8. It was, however, precisely this piecemeal approach to litigation that the court sought to prevent when it instructed plaintiffs to "**FILE** any further **motion for summary judgment** on the remaining 35 parcels for which title and standing remain in dispute," on or before January 20, 2020. ECF No. 93 at 1. That plaintiffs' are attempting to save the claims at issue after unsuccessfully seeking summary judgment on other grounds is not a sufficient explanation for their delay. As this court has noted, "[a] party's realization that it elected to pursue the wrong litigation strategy is not good cause for amending a schedule." Sys. Fuels, 111 Fed. Cl. at 383 (citation omitted).

4

Plaintiffs also insist that the motion for summary judgment they now seek permission to file is "obviously important" to their case, but plaintiffs' own belated action belies that assertion.  Id. at 9.  Moreover, any prejudice suffered by plaintiffs resulting from their inability to file another motion for summary judgment is a consequence of their own strategic decisions.  Indeed, allowing plaintiffs to upend the schedule governing this case is not only prejudicial to defendant's ability to defend itself, but it is an injudicious use of the court's resources and is simply "intolerable" as a matter of case management.  MorphoTrust, 132 Fed. Cl. at 421.

The court finds that plaintiffs' motion for leave is not supported by good cause, and therefore, does not satisfy the standard required to amend the schedule pursuant to RCFC 16(b)(4).  As such, the motion is **DENIED**.

III.    Conclusion

Accordingly, for the foregoing reasons:

(1)    Plaintiffs' motion for entry of judgment, ECF No. 121, is **DENIED**;

(2)    Plaintiff's motion for leave, ECF No. 122, is **DENIED**; and

(3)    On or before **November 19, 2021**, the parties are directed to **CONFER** and **FILE** a **joint status report** informing the court of what legal determinations remain to be made, and whether the court is presently in the position to make those determinations.  Once the court has reviewed the parties' submission, it will give the parties an opportunity to propose a schedule to govern this case going forward.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge